UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LJM FUNDS MANAGEMENT, LTD., LJM PARTNERS, LTD., ANTHONY J. CAINE, and ANISH PARVATANENI,<br><br>Defendants. | 1:21-cv-02863<br><br>Honorable Keri L. Holleb Hotaling |

**FINAL JUDGMENT AND CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS LJM FUNDS MANAGEMENT, LTD., LJM PARTNERS, LTD., ANTHONY J. CAINE, AND ANISH PARVATANENI**

On May 27, 2021, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants LJM Funds Management Ltd., ("LJMFM") LJM Partners Ltd., ("LJM Partners") (together "LJM"), Anthony J. Caine ("Caine"), and Anish Parvataneni ("Parvataneni") (collectively "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1-26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1-190 (2024).

I.     **CONSENTS AND AGREEMENTS**

To effect settlement of all charges alleged in the Complaint against Defendants without a trial on the merits or any further judicial proceedings, each Defendant:

1. Consents to the entry of this Final Judgment and Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendants (the "Consent Order");

2. Affirms that he or it has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC, or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the Summons and Complaint;

4. Admits the jurisdiction of this Court over him or it and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Waives:

    a. Any and all claims that he or it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the CFTC in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2024), relating to, or arising from, this action;

    b. Any and all claims that he or it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201-253, 110 Stat. 847, 857-74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C and 15 U.S.C.), relating to, or arising from, this action;

   c. Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

   d. Any and all rights of appeal from this action;

  8. Agrees for purposes of the waiver of any and all rights under the Equal Access to Justice Act specified in paragraph 7(a) above that Defendants are not the prevailing parties in this action;

  9. Consents to the continued jurisdiction of this Court over him or it for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendants now or in the future reside outside the jurisdiction of this Court;

  10. Agrees that he or it will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

  11. Agrees that neither Defendants nor any of his or its agents or employees under his or its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect his or its: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendants shall comply with this agreement, and shall undertake all steps necessary to ensure that all of his or its agents and/or employees under his or its authority or control understand and comply with this agreement;

3

12. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, which he or it admits;

13. Does not consent, however, to the use of this Consent Order, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a statutory disqualification proceeding; proceeding in bankruptcy, or receivership; or proceeding to enforce the terms of this Order; and

14. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

## II. THE PARTIES

15. Plaintiff Commodity Futures Trading Commission is an independent regulatory agency charged by Congress with the administration and enforcement of the Commodity Exchange Act, 7 U.S.C. §§ 1-26, and the Regulations promulgated under the Act, 17 C.F.R. pts. 1-190 (2024).

16. Defendant LJM Partners Ltd., is an Illinois corporation with its principal place of business in Chicago, Illinois, and has been registered with the Commission as a commodity trading adviser ("CTA") since December 1998 and a commodity pool operator ("CPO") since December 2002.

17. Defendant LJM Funds Management Ltd., is an Illinois corporation with its principal place of business in Chicago, Illinois, and has been registered with the Commission as a CPO since November 2012.

18. Defendant Anthony J. Caine is the founder, Chairman, and owner of LJM, co-managed the LJM portfolios with Chief Portfolio Manager Parvataneni, and has been

4

Docusign Envelope ID: 9F9AF258-5CC7-424D-A51A-5AE8BBC36A05

registered as an associate person ("AP") of LJM Partners Ltd., since December 1998 and of LJM Funds Management Ltd., since November 2012.

19. Defendant Anish Parvataneni was the Chief Portfolio Manager for LJM and a registered AP of LJM Partners from April 2011 through March 2018 and of LJMFM from November 2012 through March 2018.

### III. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

20. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants are permanently restrained, enjoined and prohibited from directly or indirectly:

 a. As a Commodity Pool Operator ("CPO") or Commodity Trading Advisor ("CTA"), or Associated Person ("AP") of a CPO or CTA, from using the mails or any means or instrumentality of interstate commerce to: (A) employ any device, scheme, or artifice to defraud any client or pool participant or prospective client pool participant; or (B) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or pool participant or prospective client or pool participant in violation of Section 4$o$(1)(A)-(B) of the Act, 7 U.S.C. 6$o$(1)(A)-(B).

 b. Cheating or defrauding, or attempting to cheat or defraud, any other persons, making or causing to be made to any other person any false report or statement thereof or cause to be entered for any person any false record thereof, or to deceive or attempt to deceive any other person by any means whatsoever in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transaction in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b,) and Regulation 33.10, 17 C.F.R. § 33.10 (2024); and

 c. In connection with any contract of sale of any commodity in interstate commerce: (1) using or employing, or attempting to use or employ, a

5

manipulative device, scheme, or artifice to defraud; (2) making, or attempting to make, any untrue or misleading statement of material fact or omission of material fact necessary in order to make the statements made not untrue or misleading; or (3) engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person, in violation of 7 U.S.C. § 9(1) and 17 C.F.R. 180.1(a)(1)-(3) (2024).

21. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, LIM and Defendant Caine are permanently restrained, enjoined and prohibited from directly or indirectly:

  a. failing to diligently supervise the handling by their partners, officers, employees and agents of all commodity interest accounts carried, operated, advised or introduced by them and all other activities of their partners, officers, employees and agents relating to their business as Commission registrants in violation of Regulation 166.3, 17 C.F.R. § 166.3 (2024).

22. Defendant Caine, for a period of three years from the date of this Consent Order, is restrained and enjoined from directly or indirectly:

  a. Managing or advising the trading for or on behalf of any third parties, except for himself, his wife or children, whether by power of attorney or otherwise, in any account involving "commodity interests" as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2024);

  b. Soliciting, receiving, or accepting any funds from any person, for the purpose of purchasing or selling any commodity interests;

  c. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2024); and

  d. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent, or any other officer or employee of any

6

    person registered, exempted from registration, or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

23. Defendant Parvataneni, for a period of one year from the date of this Consent Order, is restrained and enjoined from directly or indirectly:

  a. Managing or advising the trading for or on behalf of any third parties, except for himself, his wife or children, whether by power of attorney or otherwise, in any account involving "commodity interests" as that term is defined in 17 C.F.R. § 1.3;

  b. Soliciting, receiving, or accepting any funds from any person, for the purpose of purchasing or selling any commodity interests;

  c. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

  d. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9).

## IV. DISGORGEMENT AND CIVIL MONETARY PENALTY

### A. Disgorgement

24. Defendants LJMFM and Caine shall pay, jointly and severally, disgorgement in the amount of one million, seven hundred twenty thousand three hundred seventeen dollars ($1,720,317) plus pre-judgment interest of six hundred ninety-nine thousand, one hundred twenty-nine dollars ($699,129) for a total disgorgement obligation of two million four hundred nineteen thousand, four hundred forty-six dollars ($2,419,446) representing the gains received in connection with the violations alleged in the Complaint. Defendants LJMFM and Caine shall pay this total of disgorgement and prejudgment interest due, jointly and severally, in four

7

installments to the Commission according to the following schedule: two hundred fifty thousand ($250,000) within 30 days of entry of this Consent Order; seven hundred twenty-three thousand one hundred forty-eight dollars and sixty-seven cents ($723,148.67) within 120 days of entry of this Consent Order; seven hundred twenty-three thousand one hundred forty-eight dollars and sixty-seven cents ($723,148.67) within 210 days of entry of this Consent Order; and seven hundred twenty-three thousand one hundred forty-eight dollars and sixty-six cents ($723,148.66) (plus accrued post-judgment interest) within 300 days of entry of this Consent Order. Payments of these disgorgement obligations shall be deemed made on the date they are received by the Commission (or on the date to which any offset is deemed to be applied) and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of the Consent Order. Prior to making the final payments set forth herein, Defendants shall contact the staff of the Commission at accounting@cftc.gov for the amount due for the final payment.

25. Defendants LJM Partners and Caine shall pay, jointly and severally, disgorgement in the amount of one million five hundred sixty-seven thousand seven hundred thirteen dollars ($1,567,713) plus pre-judgment interest of six hundred thirty-seven thousand one hundred twelve dollars ($637,112), for a total disgorgement obligation of two million two hundred four thousand eight hundred twenty-five dollars ($2,204,825), representing the gains received in connection with the violations alleged in the Complaint. Defendants LJM Partners and Caine shall pay this total of disgorgement and prejudgment interest due, jointly and severally, in four installments to the Commission according to the following schedule: two hundred fifty thousand dollars ($250,000) within 30 days of entry of this Consent Order; six hundred fifty-one thousand six hundred eight dollars and thirty-three cents ($651,608.33) within 120 days of entry of this

8

Docusign Envelope ID: 9F9AF258-5CC7-424D-A51A-5AE8BBC36A05

Consent Order; six hundred fifty-one thousand six hundred eight dollars and thirty-three cents ($651,608.33) within 210 days of entry of this Consent Order; and six hundred fifty-one thousand six hundred eight dollars and thirty-four cents ($651,608.34) (plus accrued post-judgment interest) within 300 days of entry of this Consent Order. Payments of these disgorgement obligations shall be deemed made on the date they are received by the Commission (or on the date to which any offset is deemed to be applied) and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of the Consent Order. Prior to making the final payments set forth herein, Defendants shall contact the staff of the Commission at accounting@cftc.gov for the amount due for the final payment.

26. If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Consent Order, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

27. Defendant Parvataneni shall pay disgorgement in the amount of five hundred twelve thousand dollars, seven hundred twenty five dollars ($512,725) plus pre-judgment interest in the amount of two hundred eight thousand, three hundred sixty eight dollars ($208,368), for a total disgorgement obligation of seven hundred twenty-one thousand, ninety-three dollars ($721,093)(collectively with the disgorgement obligations of LJMFM and Caine, and LJM Partners and Caine, the "Disgorgement Obligations"), representing the gains received in connection with the violations alleged in the Complaint, within 30 days of the date of the entry of this Consent Order. If the Parvataneni disgorgement obligation is not paid in full within 30 days

9

of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the Parvataneni disgorgement obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

28. Defendants shall pay their Disgorgement Obligations and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the Disgorgement Obligations with a cover letter that identifies the Defendant and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581. However, payment, up to the full amount of the Disgorgement Obligations made by the Defendants in satisfaction of the disgorgement order entered in *U.S. Securities Exchange Commission v. Anthony Caine, et. al.*, 21-cv-2859 ("SEC Order"), shall offset (dollar-for-dollar) Defendants' Disgorgement Obligations identified herein. Within ten days of payment pursuant to the SEC Order,

Defendants shall, under a cover letter that identifies the name and docket number of this proceeding, transmit (unless otherwise directed in writing by the CFTC) to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, copies of the form and amount of payment.

**B.    Civil Monetary Penalty**

29.    Defendant Caine shall pay a civil monetary penalty in the amount of five hundred thousand dollars ($500,000), ("Caine CMP Obligation"), within 30 days of the date of the entry of this Consent Order.  If the Caine CMP Obligation is not paid in full within thirty days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the Caine CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

30.    Defendant Parvataneni shall pay a civil monetary penalty in the amount of two hundred thousand dollars ($200,000) (the "Parvataneni CMP Obligation," and together with Caine, referred to as the "CMP Obligations"), within 30 days of the date of the entry of this Consent Order.  If the Parvataneni CMP Obligation is not paid in full within 30 days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the Parvataneni CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

31.    Defendants Caine and Parvataneni shall pay their CMP Obligations and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds

11

transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to (unless otherwise directed in writing by the CFTC) the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581. However, payment, up to the full amount of the CMP Obligations, made by Defendants Caine and Parvataneni in satisfaction of the CMP amounts entered in the SEC Order shall offset (dollar-for-dollar) Defendants' CMP Obligations identified herein.

**C.      Provisions Related to Monetary Sanctions**

32.     Partial Satisfaction: Acceptance by the Commission of any partial payment of the Disgorgement Obligations or the CMP Obligations shall not be deemed a waiver of Defendants' obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**V.      MISCELLANEOUS PROVISIONS**

33.     Until such time as Defendants satisfy in full their Disgorgement Obligations and CMP Obligations under this Consent Order, upon the commencement by or against any

Defendant of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of Defendants debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy or other proceedings, shall be sent to the address below (unless otherwise directed in writing by the CFTC):

> Secretary of the Commission
> Office of General Counsel
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

34. <u>Notices</u>: All notices required to be given by any provision in this Consent Order, except as set forth in paragraphs 31 and 33, shall be sent certified mail, return receipt requested, as follows (unless otherwise directed in writing by the CFTC):

   a. Notice to Plaintiff:

   > Manal M. Sultan
   > Deputy Director
   > Division of Enforcement
   > Commodity Futures Trading Commission
   > 290 Broadway, Suite 6000
   > New York, New York 10007

   b. Notice to Defendants:

   > c/o John Gibbons
   > Jeffry M. Henderson
   > Steven M. Malina
   > Greenberg Traurig, LLP
   > 77 West Wacker Drive, Suite 3100
   > Chicago, Illinois 60601

All such notices to the Commission shall reference the name and docket number of this action.

35. <u>Change of Address/Phone</u>: Until such time as Defendants satisfy in full their Disgorgement Obligations and CMP Obligations as set forth in this Consent Order, Defendants

13

shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

36. <u>Entire Agreement and Amendments</u>: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

37. <u>Invalidation</u>: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

38. <u>Waiver</u>: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

39. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Consent Order.

40. <u>Injunctive and Equitable Relief Provisions</u>: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendants, upon any person under their authority or control, and upon any person who receives actual notice of this Consent Order, by

Docusign Envelope ID: 9F9AF258-5CC7-424D-A51A-5AE8BBC36A05

personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

41. <u>Authority</u>: Anthony J. Caine hereby warrants that he is the owner, founder and Chairman of both LJM Funds Management Ltd. and of LJM Partners Ltd., and that this Consent Order has been duly authorized by LJM Funds Management Ltd., and LJM Partners Ltd., and that he has been duly empowered to sign and submit this Consent Order on behalf of LJM Funds Management Ltd. and LJM Partners Ltd., respectively.

42. <u>Counterparts and Facsimile Execution</u>: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

43. <u>Contempt</u>: Defendants understand that the terms of the Consent Order, except with respect to disgorgement, are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Consent Order.

44. <u>Agreements and Undertakings</u>: Defendants shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Final Judgment and Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief* forthwith and without further notice.

15

**IT IS SO ORDERED** at Chicago, Illinois this ___30___ day of ___June___, 2025.

_____
**Honorable Keri Holleb Hotaling**
**United States Magistrate Judge**

CONSENTED TO AND APPROVED BY:

Dated: April 21, 2025

_____
John F. Gibbons
Jeffry M. Henderson
Steven M. Malina
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
*Attorneys for Defendants*

Dated: April 17, 2025

_____
for LJM Funds Management Ltd.

Dated: april 17, 2025

_____
for LJM Partners Ltd.

Dated: april 17, 2025

_____
Anthony J. Caine

Dated: 04/11, 2025

_____
Anish Parvataneni

Dated: June 24, 2025

_____
David Acevedo
Chief Trial Attorney
Patrick Daly
W. Derek Shakabpa
Nicole Buseman
David Oakland
Trial Attorneys
U.S. COMMODITY FUTURES
TRADING
COMMISSION
290 Broadway, Suite 6000
New York, New York 10007
*Attorneys for Plaintiff*

16